Dear Representative Mike Reynolds,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
 1. If a position, program or contract of the State, county or other political subdivision is funded in whole or in part with state aid or funds, do the prohibitions of Oklahoma Constitution Article V, Section 23 apply to the employment of a state legislator both during his or her term and for two years thereafter, regardless of the actual source of funds used to compensate him or her?
 2. Is a legislator prohibited from contracting with the State within two years of the end of his or her elected term, where fulfillment of the contract is dependent upon state appropriations made by the Legislature during the legislator's term, which resulted in the receipt of a federal grant or funds?
 I. General Prohibitions upon Contractual Relationships With Legislators and Former Legislators
A. Article V, Section 23 of the Oklahoma Constitution
¶ 1 Article V, Section 23 of the Oklahoma Constitution specifies certain limitations upon present and former legislators in their contractual dealings with the State. While Section 23 clearly limits powers to contract between the State and both current and former members of the Legislature, its prohibitions do not extend to all contracts, but do cover contracts authorized by law passed while the member was serving in the Legislature.See A.G. Opins. 04-25, at 167-68; 83-302, at 557-59.
Article V, Section 23 of the Oklahoma Constitution states:
 No member of the Legislature shall, during the term for which he was elected, be appointed or elected to any office or commission in the State, which shall have been created, or the emoluments of which shall have been increased, during his term of office, nor shall any member receive any appointment from the Governor, the Governor and Senate, or from the Legislature, during the term for which he shall have been elected, nor shall any member, during the term for which he shall have been elected, or within two years thereafter, be interested, directly or indirectly, in any contract with the State, or any county or other subdivision thereof, authorized by law passed during the term for which he shall have been elected.
Id. (emphasis added).
¶ 2 The framers of the Constitution chose not to outlaw all contracts with legislators or former legislators. In Article V, Section 23, the framers chose to prohibit legislators and former legislators from being interested in contracts authorized by law passed during the term for which the legislator was elected.
B. Article X, Section 11 of the Oklahoma Constitution
¶ 3 Another section of the Oklahoma Constitution relevant to your inquiries about legislators raises similar concerns only for present legislators. It does not apply to former legislators. Article X, Section 11 of the Oklahoma Constitution prohibits an officer, such as a state legislator, from receiving an interest or profit from public funds for state purposes, and states:
 The receiving, directly or indirectly, by any officer of the State, or of any county, city, or town, or member or officer of the Legislature, of any interest, profit, or perquisites, arising from the use or loan of public funds in his hands, or moneys to be raised through his agency for State, city, town, district, or county purposes
shall be a deemed a felony. Said offense shall be punished as may be prescribed by law, a part of which punishment shall be disqualification to hold office.
Id. (emphasis added).
¶ 4 Section 11 deals with a legislator benefitting from the use of public funds. Though Article X, Section 11 of the Oklahoma Constitution should be strictly construed, as a criminal law deeming conduct a felony, it does prohibit a legislator from receiving any interest, profit, or perquisite arising from the use of public funds. Although Section 11 does not appear to be directed at the exact type of conduct described in your inquiries, whether particular conduct violates this provision is a question of fact beyond the scope of an Attorney General Opinion. 74 O.S. 2001, § 18b[74-18b](A)(5).
 II. Specific Prohibitions Upon Contractual Relationships With Legislators and Former Legislators
A. Was the contract authorized by law passed during thelegislator's term?
¶ 5 You seek to address the employment of a state legislator both during and for two years after the term for which the legislator was elected, when the legislator is paid from non-state sources including federal grants, federal funds or private funds, and state appropriations are used to match or acquire the non-appropriated funds. As a starting point, this office has previously opined that, "Under Article V, Section 23, of the Oklahoma Constitution, a state legislator cannot be employed by the State during the term of office for which he or she was elected, or for two years after the end of the term for which he or she was elected, when the source of funds for his or her salary is authorized by law or appropriated by the Oklahoma Legislature during the legislator's term of office." A.G. Opin. 04-25, at 171.
¶ 6 Your first inquiry is whether the prohibitions of ArticleV, Section 23 of the Oklahoma Constitution apply where a position or contract is funded with state funds, and a state legislator either during his term or during the following two years is employed in the position or by contract, with the legislator being paid from non-state or non-appropriated funds. The actual source of funds used to compensate the legislator determines the answer to your inquiry.
B. What type of contract is "authorized" by law passed during alegislator's term?
¶ 7 An appropriation act may give "force and effect" to a contract in multiple ways, including (but not limited to) expressly directing an agency to enter into a specific type of contract or appropriating funds to pay the contract.
¶ 8 In State ex rel Settles. v. Board of Education,389 P.2d 356 (Okla. 1964), the appropriation act was held to have "authorized" the teaching contract in question only because the contract, due to lack of funding, was void and unenforceable; it was only the appropriation of funds with which to pay the contract that gave the contract "force and effect." Id. at 359-60. Settles emphasized that, "It was the act of the 1963 Legislature which made [the] contract enforceable and binding."Id. at 360.
¶ 9 The inquiries about state appropriations which result in the receipt of federal grants or funds because of the appropriation turn upon whether the provisions of the bill appropriating monies to the state board or agency may be said to have "authorized" a contract or employment that the legislator or former legislator accepted. In addressing this question, we again would first note that the constitutional provision does not prohibit all interest, direct or indirect, in any contract with the State, but only prohibits such interest in contracts "authorized" by laws passed during the term for which a legislator was elected. It is possible for legislators or former legislators to have contracts with the State, as the Oklahoma Constitution does not prohibit all such contracts.
¶ 10 The legislative provisions which appropriate operating funds to a state agency or board, where some of the funds are used to match or acquire federal or private funds, have an effect upon a legislator or former legislator's employment. It cannot, however, be said that the appropriation act "authorizes" employment of the legislator or former legislator. This is so because the appropriation act does not "give force and effect" to the legislator's contract.
¶ 11 Under the facts you suggest, the appropriation had no such effect. Therefore, it cannot be said that the appropriation "authorized" the employment of the legislator or former legislator. The employment of the former legislator was not "authorized" specifically by the legislation, nor did the appropriation of state funds give the contract force and effect. It is the federal funds that gave the contract "force and effect" under the Settles test. See Settles, 389 P.2d at 360. But for the receipt of the federal funds, the contract would not be fulfilled.
¶ 12 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. Under the provisions of Article V, Section 23, of the Oklahoma Constitution, a state legislator cannot be employed by the State during the term of office for which he or she was elected or for two years after the end of the term for which he or she was elected, where the source of funds for his or her salary is authorized by law or appropriated by the Oklahoma Legislature during the legislator's term of office.
 2. The provisions of Article V, Section 23 of the Oklahoma Constitution (which prohibit a member of the Legislature from having an indirect or direct interest in any contract with the State authorized by laws passed during the member's term of office) are not violated when during the term of a legislator, the Legislature enacts an appropriation to a state agency or state board, and the agency or board uses part of that appropriation to match or acquire federal or private funds by which to employ the former legislator, when such appropriation does not have the effect of either authorizing the state agency or state board to enter into such a contract or employment relationship with the legislator or former legislator, or of giving "force and effect" to the contract or employment relationship.
 3. Although Article X, Section 11 of the Oklahoma Constitution may be applicable to your inquiries, it should be strictly construed, as a criminal law deeming certain conduct a felony. Its provisions prohibit a legislator, but not a former legislator, from receiving any interest, profit, or perquisite arising from the use of public funds. Whether a particular contract or employment would violate Article X, Section 11 of the Oklahoma Constitution involves questions of fact that cannot be addressed in an Attorney General's Opinion. 74 O.S. 2001, § 18b(A)(5).
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 GLEN D. HAMMONDS Assistant Attorney General